## BLAKE *v.* CITY OF DUBUQUE.

Where, in an action on a contract, in which the plaintiff agreed that he would do the necessary filling and cutting to reduce and elevate the present actual surface of that part of Mineral street, in the city of Dubuque, &c., to a surface which shall correspond with a certain grade, the work to be done under the supervision and direction of the city engineer or the street commissioner, for which the city was to pay a specified price; and the court instructed the jury, that as the contract provided that the work should be done under the supervision and direction of the city engineer or street commissioner, and that the plaintiff should be paid under the estimates of the city engineer, if the work was done under the direction of either of these officers, the plaintiff was entitled to receive pay according to the estimates of the city engineer, unless it be shown that the estimates are incorrect; that the jury have a right to examine these estimates, and if they should be found to be based upon any mistake of fact, or any erroneous principle of engineering, they may be set aside; and that if the estimate of the en-

gineer is the proper one, they may adopt it; and where the defendant asked the court to instruct the jury, that they will not allow for any excavation below the authorized grade as fixed by the contract, which the court refused, and held, that if the excavation was done under the direction of the city engineer or street commissioner, it might properly be considered by the jury; *Held*, 1. That the contract was substantially a contract to make the street of a certain grade, in the best manner, under the direction of the officers; and, 2. That the court did not err in giving or refusing the instructions.

### *Appeal from the Dubuque District Court.*

THIS is an action, brought by the plaintiff, to recover compensation claimed for work done under a contract for grading a part of Mineral street, in Dubuque. There is a written contract between the parties. By this, Blake " covenants that he will do the necessary cutting and filling, to reduce and elevate the present actual surface of that part of Mineral street, &c., to a surface which shall correspond and agree with the line in red ink upon said profile marked grade "— there being estimated to be 275 feet of cutting, and 275 feet of filling, linear measurement, more or less." In the above part of the contract, is a description of the part of the street to be graded, and a reference to a map and profile, with a mark to indicate the grade. Blake is also to do certain paving, and construct certain walls for bridges; but no question arises on these. " All the work contracted to be done by the said John Blake, as aforesaid, is to be done under the supervision and direction of the city engineer, or the street commissioner." On the other hand, the city agrees to pay for the work to be done, as aforesaid, " according to the following terms, to wit: for the cutting and filling aforesaid, at the rate of fifty cents for each cubic yard of earth and rock excavated, and removed and deposited in the place hereinbefore designated, or which may be hereafter designated by the city engineer or street commissioner." Payments were to be made from time to time, as the work progressed, but twenty-five per cent. might be retained till the completion and acceptance of the work. "'The earth and rock removed in cutting, or as much thereof as may be re-

quisite, are to be employed in the filling aforesaid, and in paving and constructing the walls of the bridges." There is no designation, other than this, where the earth and rock are to be deposited.

The city admits the contract, but holds that plaintiff claims for more work than he is entitled to receive pay for. This is the gist of the controversy, and to arrive at an understanding of the question, it is necessary to look into the testimony, which is given in the bill of exceptions. But this is the only ground upon which we can look at it. James Potter says, he was the city engineer; that the excavation was in thick layers of rock, shelving upward, and it was oftentimes necessary, in blasting down to the grade, to take out a thick layer reaching several feet below it. The road was then filled up to the established grade, which I allowed in my estimates. The work was done under my supervision, and that of the street commissioner. I directed the road excavated below the grade in some places, to be filled up with clay excavated, to the level fixed for the road. There is testimony to show, that one Blocklinger was street commissioner, and often had the oversight of the work; that he was frequently present when layers of rock were being removed to a depth below the grade, and when the holes and vacant places thus made, were filled up; and one witness testifies, that Blocklinger directed the removal of a layer of rock in the road, which extended some feet below the grade. I. N. Higbee made an estimate of the work, agreeing sufficiently nearly with Potter's, except that the former allowed for no excavation below the established grade. This makes a difference of $305, which is the subject of dispute. Blocklinger testifies, that he did not direct Blake, or his workmen, to excavate below the grade. Different payments were made during the progress of the work, which were allowed by the jury. The court instructed the jury: "That as the contract provides that the work should be done under the supervision and direction of the city engineer, or street commissioner, and that Blake shall be paid under the estimates of the city engineer, if the work was

Blake v. City of Dubuque.

done under the direction of either of these, the plaintiff is entitled to receive according to the estimates of the engineer, unless it be shown that the estimates are incorrect; and that the jury have a right to examine these estimates, and if they should be found to be based upon any mistake of fact, or any erroneous principle of engineering, they may be set aside; and if the estimate of the engineer, is the proper one, they may adopt the latter."

The defendant requested the court to give the following instruction: "The jury will not allow for any excavation below the authorized grade, as fixed by the contract," which the court refused, and held that if the excavation was done under the direction of the city engineer or the street com-missioner, it might properly be considered by the jury. There was a motion for a new trial, based upon a supposed error in the foregoing instructions and refusal, which was overruled. The errors assigned in this court are: *First*, in refusing to give the instructions asked by the defendant. *Second*, in permitting the jury to take into consideration the excavation below the grade, as fixed by the contract. *Third*, in overruling the motion for a new trial.

*Wiltse & Blatchly*, for the appellant.

*Burt & Barker*, for the appellee.

WOODWARD, J.—We do not think there is error in the instruction, and refusal of the court. The matter rests upon the original contract, and not upon any promise made by the officers. And the terms of the contract, do not neces-sarily confine his measurement to the precise grade. Those terms are somewhat general, and the work is placed under the direction of the engineer and commissioner, both which circumstances, indicate an adaptation of the contract to the character of the work, it being in rocky soil; and, therefore, not to be simply cut and filled to a certain grade, but rocks were to be blasted and excavated, and those running in un-foreseen directions, and with uncertain declinations, thus

requiring the execution of the work to be directed by sound judgment, according to varying circumstances. In accordance with this idea, we find it necessary (as the engineer testifies), to blast and excavate below the required surface. And this is entirely conceivable. Accordingly, the terms of the contract, are, that Blake is to do the *necessary* cutting and filling, to reduce and elevate the street to a certain grade.

This is the light in which the contract appears to our minds, and it does not seem to be one, requiring the contractor either to cut the rocks at the specific grade, or to blast lower, and then fill at his own expense. It is substantially a contract to make the street of a certain grade, in the best manner, under the direction of the officers.

Judgment affirmed.